IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) EXPLORER PIPELINE COMPANY** | § § § § | |
| **Plaintiff,** | § § | CASE NO. 26-cv-00021-JFJ |
| v. | § § | |
| **(1) OLD REPUBLIC INSURANCE COMPANY** | § § § § | |
| **Defendant.** | § § | |

## ORIGINAL COMPLAINT

Plaintiff Explorer Pipeline Company ("Explorer") files this Original Complaint against Defendant Old Republic Insurance Company, ("Old Republic") as follows:

### I.   PRELIMINARY STATEMENT

1. Explorer and Old Republic are parties to an insurance Program Agreement effective October 1, 2015 ("The Program Agreement") (Exhibit A). The Program Agreement was renewed annually until Explorer, the insured, elected to switch insurance carriers in 2025.

2. The Program Agreement, among many other obligations, requires Explorer to post certain security collateral. This dispute turns on Old Republic's arbitrary, unjustified, and vindictive decision to increase Explorer's collateral requirement by an astonishing 400%. This dramatic request coincided with Explorer's decision to not renew the Program Agreement for 2025-2026 and to take its business to a new insurance carrier. Old Republic has offered no reasonable explanation for this marked increase in collateral.

3. In word and action, Old Republic has made clear that it believes that it has absolute discretion to set the level of required collateral without any explanation or justification. But the Program Agreement does not afford Old Republic such an unfettered, absolute right to

set the collateral requirement. Rather, Old Republic's discretion is limited by two principles. First, the Program Agreement plainly requires Old Republic to apply "generally accepted actuarial and credit review principles" when determining the collateral requirement. Second, the duty of good faith and fair dealing requires Old Republic to act within the reasonable expectations of the parties, *including when* the contract affords one party some discretion.

4. On August 28, 2025, Old Republic demanded that Explorer post security collateral of $4,000,000 (Exhibit B), a stark departure from the collateral requirement of $1,000,000, which has been in place since 2019. This demand, wholly unjustified after repeated requests for explanation, is a breach of the Program Agreement and of the covenant of good faith and fair dealing.

5. Old Republic has threatened to draw on Explorer's Letter of Credit as soon as January 9, 2026. Explorer will be harmed by this act and face damages should the letter of credit be drawn against. Explorer seeks declaratory relief to address Old Republic's violations and imminent threats.

## II.    PARTIES

6. Plaintiff Explorer Pipeline Company is a Delaware corporation with its principal place of business in Tulsa, Oklahoma.

7. Defendant Old Republic Insurance Company is a Pennsylvania corporation with its principal place of business in Greensburg, Pennsylvania.

## III.    JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Additionally, the requested declaratory relief is authorized under 28 U.S.C. §§ 2201–02.

9. This Court has personal jurisdiction over Old Republic because Old Republic has purposely availed itself of this forum by its activities in the State of Oklahoma, and the causes of action alleged in this Complaint arise out of those activities.

10. Venue is proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## IV.   FACTS

11. Old Republic and Explorer entered into the Program Agreement on October 15, 2015. A copy of the Program Agreement is attached as Exhibit A.[1]

12. The Program Agreement, and associated Insurance Policies, provided insurance for Explorer's operations and those of its subsidiaries and affiliates. Exhibit A at 1. The Program Agreement was negotiated and signed in Tulsa, Oklahoma. The Program Agreement was renewed annually and was most recently renewed with an effective term of October 1, 2024 – October 1, 2025.

13. The Program Agreement is governed by Illinois law. Exhibit A ¶ 17.

14. On August 28, 2025, Old Republic informed Explorer that the collateral requirement under the Program Agreement would increase to $4,000,000 "in the event [Explorer] does not renew their policies with Old Republic." Exhibit B at 5. Old Republic offered no justification for this stark increase. On September 29, 2025, Explorer notified Old Republic that it would not renew the Program Agreement for the 2025-2026 term and would be taking its business to another carrier.

15. The collateral requirement is governed by Section 9 of the Program Agreement. The Program Agreement provides that, "[a]t such times as Old Republic deems it appropriate or

---

[1] Certain schedules have been removed from Exhibit A to protect commercial terms.

necessary . . . Old Republic will, applying generally accepted actuarial and credit review principles, review the security requirement." Exhibit A § 9.2. "If the resulting security requirements exceed the amount of remaining credit available to Old Republic under the Letter(s) of Credit or other acceptable security as of the calculation date, then [Explorer] must provide Old Republic with additional acceptable security equal to such excess within fifteen (15) days of the Insured's receipt of notice of the increased security requirement." *Id*.

16. The initial security requirement was $500,000, was increased to $750,000 in 2016, was then increased to $1,000,000 in 2019, and has remained the same amount through October 1, 2025. Then, upon Explorer's notice of non-renewal, Old Republic raised the requirement four-fold to $4,000,000 without explanation.

17. On September 29, 2025, Explorer formally requested "the actuarial basis for the $4,000,000 collateral figure, including reserve estimates for each open claim, assumptions regarding incurred but not reported losses, and any margin or contingency factors applied." Old Republic refuses to supply any actuarial basis or any justification whatsoever for the $4,000,000 collateral figure.

18. Old Republic has threatened to draw on Explorer's Letter of Credit as soon as January 9, 2026. Explorer will be harmed by this act and faces unmeasurable damages should the letter of credit be drawn against.

## V. CAUSES OF ACTION

### A. CLAIM I—DECLARATORY JUDGMENT

19. Explorer incorporates the preceding paragraphs as if set forth fully herein.

20. An actual controversy exists between Explorer and Old Republic regarding their respective rights and duties under the Program Agreement. Explorer and Old Republic dispute each other's interpretation of the terms of the Program Agreement, thereby creating an actual and

justiciable controversy that is of sufficient immediacy and magnitude to warrant the issuance of declaratory relief, which will resolve some or all of the existing controversy between Explorer and Old Republic. 28 U.S.C. § 2201.

21. Accordingly, Explorer seeks a judicial declaration that:

   (a) The Program Agreement is a valid, enforceable contract between Old Republic and Explorer;

   (b) Section 9.2 of the Program Agreement requires Old Republic to adjust the collateral requirement according to generally accepted actuarial principles, and to provide a detailed accounting of any adjustment to Explorer;

   (c) Old Republic failed to apply generally accepted actuarial and credit review principles when setting the security requirement, as required by Section 9.2, which is a breach of the Program Agreement.

   (d) Old Republic's exercise of its discretion to set a collateral requirement of $4,000,000 is well beyond the reasonable expectations of the parties, is motivated by a desire to punish Explorer for switching carriers, and is a breach of the duty of good faith and fair dealing.

   (e) Old Republic's current demand for $4,000,000 in collateral, without adequate justification, is a breach of Section 9.2 of the Program Agreement.

## VI.   ATTORNEYS' FEES AND COSTS

Explorer seeks its reasonable and necessary attorneys' fees and costs against Old Republic under 28 U.S.C. § 2202.

## VII.   PRAYER FOR RELIEF

Wherefore, Explorer prays that a judgment be entered in its favor and against Old Republic as follows:

1. Issuing the declarations requested in Count I of this Complaint;

2. Awarding Explorer its reasonable and necessary attorneys' fees, costs, and related expenses incurred in bringing and prosecuting this action;

3. Awarding pre-judgment and post-judgment interest at the highest lawful rates;

and

4.    Awarding all such other and further relief, whether at law or in equity, to which Explorer may show itself justly entitled.

Dated:  January 8, 2026

Respectfully submitted,

*/s/ J. Craig Buchan*
J. Craig Buchan, OBA No. 19420
Matthew C. Cecconi, OBA No. 35080
MCAFEE & TAFT, A PROFESSIONAL CORPORATION
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone: (918) 587-0000
Facsimile: (918) 574-3193
craig.buchan@mcafeetaft.com
matthew.cecconi@mcafeetaft.com


BRACEWELL LLP

*/s/ Carlton D. Wilde III*
Carlton D. Wilde III (*Pro Hac Vice Pending*)
Texas State Bar No. 24093364
cd.wilde@bracewell.com
Andrew Jacobs (*Pro Hac Vice Pending*)
Texas State Bar No. 24137971
andrew.jacobs@bracewell.com

711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(800) 404-3970 – Facsimile

**ATTORNEYS FOR PLAINTIFF EXPLORER PIPELINE COMPANY**